# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | |
|---|---|
| MARIA TERESA SEGURA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. L-05-12 |
| § | |
| MSF PROTECTIVE SERVICES, INC., *et al*, § | |
| § | |
| Defendant. § | |

## OPINION & AMENDED SCHEDULING ORDER

Pending before the Court is Plaintiff's Unopposed Motion to Amend Scheduling Order filed on March 6, 2006. [Dkt. No. 21]. The Court may extend time limits "for cause shown." Fed.R.Civ.P. 6(b). The Court has exceedingly wide discretion in the area of scheduling decisions and in handling its own calendar. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986). The Court also has the inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *U.S. v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978) (citing *U.S. v. Correia*, 531 F.2d 1095, 1098 (1st Cir. 1976)).

Plaintiff filed her complaint with this Court on January 21, 2005. The Court issued a scheduling order on June 29, 2005, which set the date for completion of discovery at November 29, 2005. Plaintiff claims that the parties have been trying to negotiate a settlement to avoid the expense of extensive discovery. Plaintiff also claims that the parties have not engaged in formal discovery. This case was originally filed on January 21, 2005. The parties have had over a year to negotiate a settlement. It is difficult for the Court to understand what the parties have accomplished over this

year considering that they have conducted no formal discovery. Also, it betrays logic to suggest that the parties have been continuously negotiating a settlement throughout this period. The deadline to inform the Court on the possibility of alternative dispute resolution was set for August 25, 2005. The parties waited until February 8, 2006 to inform the court that they had agreed to mediation. The fact that the Parties waited more than six months after the deadline had passed to inform the court of the possibility of mediation belies Plaintiff's argument that the parties have been diligently trying to negotiate a settlement. Plaintiff's claims do not involve especially complex legal theories or complicated factual allegations. The parties have not shown cause for the extension they request. However, in the interest of justice, a slight enlargement of time is granted. The motion is therefore GRANTED in part as follows:

1. **Discovery** will close in this case on Friday, April 14, 2006.

2. **Amendment of Pleadings** to conform with discovery will be filed by Friday, April 21, 2006.

3. **Contested Motions** will be filed no later than Friday, April 28, 2006.

4. The **Joint Pre-trial Order** will be filed by Friday, June 16, 2006.

Any changes to the dates above will only be granted by leave of court and following the consideration of an appropriate motion. However, a change in any deadline contained herein will

not extend any other deadlines or the deadline for the filing of the Joint Pre-trial Order unless these deadlines are specifically extended by order of the Court.

    IT IS SO ORDERED.

    DONE at Laredo, Texas, this 5th day of April, 2006.

                                        Micaela Alvarez
                                 UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**